IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALBERT PEDRO JAQUEZ, JR.,<br><br>Defendant. | Cause No. CR 15-13-M-DLC<br><br><br><br>ORDER |

    Defendant Jaquez moves the Court for emergency compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic. He is currently serving a 120-month sentence for a federal drug crime. *See* Am. Judgment (Doc. 121). His current projected release date is February 16, 2024. *See* Inmate Locator, www.bop.gov/inmateloc (accessed May 14, 2020).

    Jaquez is incarcerated at FCI Terminal Island. On May 7, 2020, the Bureau of Prisons' interactive map indicated 621 inmates and 15 staff members at Terminal Island had tested positive for the virus that causes COVID-19. This figure increased by 82 inmates in the next week.

    Today, the same map indicates Terminal Island has 140 "active cases," with 562 inmates "recovered," presumably meaning they no longer test positive for the

1

virus. Fifteen staff members still test positive. Seven inmates have died. *See* Interactive Map, www.bop.gov/coronavirus (accessed May 14, 2020).

The change in this basic information, distinguishing between active cases and people who were but are no longer positive, serves to emphasize that the situation is evolving rapidly. Judges and lawyers are not well-suited to make important decisions on an emergency basis when basic information is in flux.

The situation also is easily misapprehended. For instance, counsel asserts that "[c]ompared to the rest of the United States . . . the BOP's policies have amounted to almost a 700% increase in the infection rate." Reply (Doc. 136) at 7. It could be the case that one or more of BOP's "policies" actually increase the rate of infection, especially when little about the virus or disease is thoroughly understood. Nothing counsel has presented to the Court supports that conclusion. As counsel recognizes, *see id.*, testing more people increases the number of infections detected. To leap from there to the proposition that BOP's policies increase the rate of infection is unwarranted.

Prison is a fertile environment for all infectious diseases, but imprisonment is a firmly entrenched social policy (not BOP policy). People go to federal prison when evidence of significant quality and quantity indicates they committed serious crimes and pose a danger to other members of the community. Releasing everyone

is not a good answer to the real and frightening prospect of infection, so each prisoner must show that releasing *him* is a good answer.

Jaquez appears to have supportive family and friends and a good life waiting for him when he is released. *See, e.g.*, Reply Ex. A (Doc. 136-1) at 3–5; Br. in Supp. (Doc. 133) at 11–12. But counsel has not even mentioned the concerning facts the Court pointed out in its previous Order:

> [Jaquez] is more than three and a half years away from his release date.[1] This is not a matter of insisting on "punishment." The length of the sentence indicates the seriousness of the crime and the potential danger the defendant poses to society. In addition, Jaquez has a prior conviction for second-degree murder. *See* Presentence Report ¶ 62. Reducing his sentence to time served would be a significant step.

Order (Doc. 134) at 2.

Jaquez committed the federal drug offense after his now five-year-old daughter was born. *See* Presentence Report ¶ 76. His offense consisted of a series of drug transactions, all accomplished while he was on supervision following release from prison on the second-degree murder conviction. *See, e.g.*, *id.* ¶¶ 26–35, 40–42, 64. The Court does not want Jaquez to contract the virus or develop the disease. But he has not persuaded the Court that he is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

---

[1] Counsel suggests the sentence is "less than two years now." Reply (Doc. 136) at 8. That may be correct, but she does not explain how she arrived at that figure.

U.S.S.G. § 1B1.13(2). Reducing his sentence to time served would be inconsistent with the guideline and statute. *See* 18 U.S.C. § 3582(c)(1)(A).

Accordingly, **IT IS ORDERED** that Jaquez's emergency motion for a reduced sentence (Doc. 132) is **DENIED**.

DATED this 14th day of May, 2020.

_____
Dana L. Christensen, District Judge
United States District Court